JS 44 (Rev. 08/18)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Anthony L. Washington

**DEFENDANTS**
City of Philadelphia et al.

(b) County of Residence of First Listed Plaintiff: **Montgomery**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Philadelphia**
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Isaac H. Green, Esquire  267-625-9189
2879 Limekiln Pike, Suite 2, Glenside, PA 19038

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment / ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USCs 2000e et seq.

Brief description of cause:
Plaintiff was busjected to discrimination and retaliation in the workplace

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 150,000+

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*
JUDGE _____
DOCKET NUMBER _____

DATE: June 20, 2024

SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| ANTHONY L. WASHINGTON | : | CIVIL ACTION |
| v. | : | |
| CITY OF PHILADELPHIA et al. | : | |
| | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| June 20, 2024 | Isaac H. Green | Plaintiff |
|---|---|---|
| Date | Attorney-at-law | Attorney for |
| 267-625-9189 | 215-885-1166 | ikegreen66@gmail.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: c/o Attorney's office address 2879 Limekiln Pike, Suite 2, Glenside, PA 19038

Address of Defendant: 1515 Arch Street, 15th Floor, Philadelphia, PA 19102

Place of Accident, Incident or Transaction: Philadelphia

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes [ ]  No [ ]

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes [ ]  No [ ]

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes [ ]  No [ ]

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes [ ]  No [ ]

I certify that, to my knowledge, the within case [ ] is / [ ] is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____    _____    _____
                        *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.  Federal Question Cases:**
1. [ ] Indemnity Contract, Marine Contract, and All Other Contracts
2. [ ] FELA
3. [ ] Jones Act-Personal Injury
4. [ ] Antitrust
5. [ ] Patent
6. [ ] Labor-Management Relations
7. [X] Civil Rights
8. [ ] Habeas Corpus
9. [ ] Securities Act(s) Cases
10. [ ] Social Security Review Cases
11. [ ] All other Federal Question Cases
    *(Please specify):* _____

**B.  Diversity Jurisdiction Cases:**
1. [ ] Insurance Contract and Other Contracts
2. [ ] Airplane Personal Injury
3. [ ] Assault, Defamation
4. [ ] Marine Personal Injury
5. [ ] Motor Vehicle Personal Injury
6. [ ] Other Personal Injury *(Please specify):* _____
7. [ ] Products Liability
8. [ ] Products Liability – Asbestos
9. [ ] All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Isaac H. Green, counsel of record *or* pro se plaintiff, do hereby certify:

[X] Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

[ ] Relief other than monetary damages is sought.

DATE: June 20, 2024    /s/ Isaac Green    36059
                       *Attorney-at-Law / Pro Se Plaintiff*    *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANTHONY L. WASHINGTON**<br>　　　　　　　　Plaintiff<br><br>　　v.<br><br>**CITY OF PHILADELPHIA**, a Municipal<br>　Corporation having principal offices<br>　located at<br>1515 Arch Street, 15th Floor<br>Philadelphia, PA 19102<br><br>　　and<br><br>**FRANK VANORE**, individually and in<br>　his official supervisory capacity as<br>Chief Inspector of the Philadelphia<br>Police Department<br>750 Race Street<br>Philadelphia, PA 19102<br><br>　　and<br><br>**BENJAMIN NAISH**, individually and in<br>　his official supervisory capacity as<br>Deputy Commissioner of the<br>Philadelphia Police  Department<br>750 Race Street<br>Philadelphia, PA 19102<br>　　　　　　　　Defendants | CIVIL ACTION NO:_____ |

## COMPLAINT

Plaintiff **ANTHONY L. WASHINGTON** claims of Defendants, individually and/or jointly, damages in excess of One Hundred Fifty Thousand Dollars ($150,000.00) upon causes of action whereof the following is a statement:

## JURISDICTION, VENUE AND PARTIES

1

1. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by § 1981a (hereinafter, "Title VII"), and 42 U.S.C. § 1981 and § 1988. Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and § 1343. The Court's Pendent jurisdiction is invoked pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) inasmuch as Plaintiff's causes of action arose in the Eastern District of Pennsylvania, and all the Defendants are found in the Eastern District of Pennsylvania.

3. Plaintiff **ANTHONY L. WASHINGTON** (hereinafter "Plaintiff" or "Washington") is an adult Black individual and a citizen of the Commonwealth of Pennsylvania residing at in the Eastern District of Pennsylvania. At all times relevant hereto, Plaintiff Washington was employed by Defendant City of Philadelphia and its Philadelphia Police Department as a Police Inspector.

4. Defendant **CITY OF PHILADELPHIA** is (hereinafter "CITY") is a Municipal Corporation located in the Commonwealth of Pennsylvania, defined as a City of the First Class under the laws of the Commonwealth of Pennsylvania, and having principal offices located at 1515 Arch Street, Philadelphia, PA 19102. Defendant CITY owns, operates, manages and directs the Philadelphia Police Department (hereinafter "Police Department") as a Department of the City of Philadelphia which, in turn, employs the below-described Defendants. The Philadelphia Police has principal offices at 750 Race Street, Philadelphia, PA 19107.

5. Defendant **FRANK VANORE** (hereinafter "VANORE" or "Chief Inspector Vanore") is an adult white male, and is an employee, servant, workman and/or

agent of Defendants CITY and its Police Department, having a principal office located at 750 Race Street, Philadelphia, PA 19107. At all times relevant hereto, Defendant VANORE was employed by said Defendant CITY and Police Department as a Chief Police Inspector, which is a senior supervisory position and, as such, was a policymaker for said Defendants CITY and Police Department. Defendant VANORE is being sued individually and in his official capacity as Chief Police Inspector, a Senior Supervisor of Defendant CITY and Police Department.

6. Defendant **BENJAMIN NAISH** (hereinafter "NAISH" or Deputy Commissioner) is an adult white male and is an employee, servant, workman and/or agent of Defendants CITY and its Police Department, having a principal office located at 750 Race Street, Philadelphia, PA 19107. At all times relevant hereto, Defendant NAISH was employed by said Defendant CITY and Police Department as a Deputy Police Commissioner, which is a senior supervisory position and, as such, was a policymaker for said Defendants CITY and Police Department. Defendant NAISH is being sued individually and in his official capacity as Deputy Police Commissioner, a Senior Supervisor of Defendant CITY and Police Department.

7. At all times material hereto, Defendants CITY and Police Department acted or failed to act through its authorized agents, servants, workmen and employees including, but not limited to, Defendants VANORE and NAISH, who were at all times then and there acting within the course and scope of their employment and

authority as Senior Supervisors and policy-makers. Specifically, the Defendant CITY and its Police Department, as a matter of custom, policy and/or practice intentionally and deliberately failed to adequately train, supervise, discipline or otherwise direct Defendants VANORE and NAISH concerning race discrimination and retaliation, thereby causing them to engage in the unlawful and illegal conduct described herein.

8. At all times relevant hereto, the acts and failures to act of Defendants Vanore and Naish, both high ranking supervisory and policy-making officials, were the direct acts and failures to act of Defendant City and Police Department.

9. At all times material hereto, Defendants VANORE and NAISH were acting in the course and scope of their agency and/or employment with and on behalf of and/or under the management, control and/or direction of Defendant CITY and its Police Department.

10. At all times material hereto, the individual Defendants were acting intentionally, maliciously and in reckless disregard of the Plaintiff's right to be free from race discrimination and retaliation.

## ADMINISTRATIVE PROCEDURES

11. Plaintiff filed charges of race discrimination and retaliation against the Defendants with the District Office of the Equal Employment Opportunity Commission, Charge No. 530-2020-05413, on 21 February 2021.

12. Plaintiff also received a Notice of Right to Sue Within 90 Days from the U.S. Department of Justice dated 29 March 2024. A copy of the Notice of Right to Sue" is attached and marked as Exhibit "A".

## BACKGROUND ALLEGATIONS

13. The Plaintiff here incorporates the allegations in all preceding paragraphs as if the same were set forth here in their entirety.

14. Plaintiff Washington began working for Defendant City and its Police Department in November 1988 as a Police Officer and rose through the ranks to the position of Police Inspector by 2019.

15. In or about 2019 and 2020, several Police Department supervisors, including Plaintiff Washington, were accused by other police officers or civilians of sexual harassment, and said supervisors were the targets of sexual harassment complaints.

16. Until that time, Defendant City and its Police Department, by and through Defendants Vanore and Naish, maintained a policy and practice to keep private the existence of such complaints of sexual harassment against Police Officers and to not release such information to the public or the press.

17. It was the Police Department's policy not to disclose to the public or press personal or confidential information about any officer against whom complaints of sexual harassment had been leveled.

18. Defendants Vanore and Naish were each the subject of sexual harassment complaints, but no information about either Defendant was released to the public or press even after the complaints were substantiated or proved.

19. Despite the substantiated sexual harassment complaints lodged against them, neither Defendant Vanore nor Naish was demoted in rank or reduced in their

supervisory responsibilities or work duties; neither was blocked from attending supervisory-level meetings.

20. Captain John Moroney and Captain George Fuchs, both white supervisory police officers, each had sexual harassment complaints lodged against them, but no confidential or personal information about them or the complaints was released to the public media.

21. After the sexual harassment complaints were lodged against Captains Moroney and Fuchs, neither was demoted in rank or reduced in their supervisory responsibilities; neither was blocked from attending supervisory-level meetings.

22. In 2020, Plaintiff Washington had sexual harassment charges leveled against him, but those charges were never substantiated or proved true.

23. Contrary to City and Police Department policy, Defendants Vanore and Naish released to the press, and therefore to the public, information about Plaintiff Washington and the complaints of sexual harassment lodged against him even though such complaints were never substantiated or proved true.

24. Furthermore, Defendants Vanore and Naish shunned and excluded Plaintiff Washington from meetings that were relevant to and part of his rank and duties as a Police Department Inspector.

25. Defendants Vanore and Naish deprived and withheld from Plaintiff Washington duty relevant information and duty related bulletins that were appropriate for his rank and necessary for him to perform his duties properly and subjected him to less favorable terms and conditions of employment than his white counterparts.

26. Similarly situated white supervisory police officers against whom charges of

sexual harassment had been lodged, Captains Moroney and Fuchs, for example, were treated differently in that personal and confidential information about them and the sexual harassment charges had not been released, and they were not shunned and excluded from meetings that were relevant to and part of their rank and duties.

27. Defendants Vanore and Naish released personal information about Plaintiff Washington and the sexual harassment charges leveled against him, and shunned and excluded him from meetings that were relevant to and part of his rank and duties, for no other reason than that he was Black.

28. As a direct and proximate result of Defendants Vanore and Naish's joint and individual acts and failures to act, which were the direct acts and failures to act of Defendant CITY, as described herein, Plaintiff suffered public embarrassment and humiliation, mental and psychological pain and suffering, a loss of sleep and appetite.

29. As a further direct and proximate result of Defendants Vanore and Naish's joint and individual acts and failures to act, which were the direct acts and failures to act of Defendant CITY, as described herein, Plaintiff suffered a loss of professional esteem, stature and work experience.

## RETALIATION

30. Because of the above-described discriminatory treatment and the negative impact of being subjected to less favorable terms of employment than his white supervisory counterparts, Plaintiff first complained to Defendants VANORE and

NAISH, and therefore to Defendant City, but Defendant City took no action to investigate the Plaintiff's complaints.

31. When Defendants VANORE and NAISH disregarded the Plaintiff's complaints, the Plaintiff then complained to Police Department's Human Resources Department, and therefore to Defendant CITY, but Defendant City took no action to investigate the Plaintiff's complaints

32. After the Plaintiff began to complain to Defendants VANORE and NAISH, and to the Police Department's Human Resources Department, more Inspectors, Captains, Commanders, and other supervisory police officers began to shun the Plaintiff by omitting him from the Police Department chain of command and depriving him of notice regarding meetings and withholding other information he needed to perform his job.

33. Defendants VANORE and NAISH subjected the Plaintiff to such further discrimination for no other reason than to retaliate against him for complaining of discrimination against him because of his race.

34. As of January 11, 2021, Defendant CITY had taken no effort to curb, reduce or end the subtle discrimination and retaliation in the form of depriving him of notice of key meetings he needed to attend and depriving him of other work-related information he needed to perform his job properly.

35. As a further direct and proximate result of this retaliation, Plaintiff was impeded in the proper performance of his duties as a Police Inspector and again suffered loss of professional stature, mental anguish, embarrassment, humiliation and loss of self-esteem.

## TITLE VII (FEDERAL) CLAIMS

### COUNT I: PLAINTIFF V. DEFENDANT CITY OF PHILADELPHIA
### Violation of 42 U.S C. § 2000e-2(a)(1)

36. The allegations contained in all preceding paragraphs are incorporated here as if set forth fully and here reiterated in their entirety.

37. The acts and failures to act of Defendant CITY OF PHILADELPHIA, by and through its supervisory agents, workmen, agents and employees, Defendants FRANK VANORE and BENJAMIN NAISH, constituted an unlawful employment practice in that they discriminated against the Plaintiff with respect to the terms and conditions of his employment because of his race.

38. Defendant CITY OF PHILADELPHIA is strictly liable for the acts and failures to act of its supervisory personnel, including Defendants FRANK VANORE AND BENJAMIN NAISH.

39. The acts and failures to act of Defendant CITY OF PHILADELPHIA constituted an unlawful employment practice proscribed by 42 U.S.C. § 2000e-2(a)(1).

**WHEREFORE**, the Plaintiff demands judgment against the Defendant CITY OF PHILADELPHIA in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), and for attorneys' fees as allowed by 42 U.S.C. § 1988.

### COUNT II: PLAINTIFF V. DEFENDANT CITY OF PHILADELPHIA
### Violation of 42 U.S.C. § 2000e-2(a)(2)

40. The allegations contained in all preceding paragraphs are incorporated here as if set forth fully and here reiterated in their entirety.

41. The acts and failures to act of Defendant CITY OF PHILADELPHIA, by and

through its supervisory agents, workmen, agents and employees, including Defendants FRANK VANORE and BENJAMIN NAISH, constituted an unlawful employment practice in that they tended to limit, segregate and classify the Plaintiff in such a way as to as to deprive him of employment opportunities or otherwise affect his status as an employee because of his race.

42. Defendant CITY OF PHILADELPHIA is strictly liable for the acts and failures to act of its supervisory personnel, including Defendants FRANK VANORE AND BENJAMIN NAISH.

43. The acts and failures to act of Defendant CITY OF PHILADELPHIA constituted an unlawful employment practice proscribed by 42 U S.C. § 2000e-2(a)(2).

**WHEREFORE**, the Plaintiff demands judgment against the Defendant CITY OF PHILADELPHIA in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), and for attorneys' fees as allowed by 42 U.S.C. § 1988.

### COUNT III:  PLAINTIFF V. DEFENDANT CITY OF PHILADELPHIA, Violation of 42 U.S.C. § 2000e-3

44. The allegations contained in all preceding paragraphs are incorporated here as if set forth fully and here reiterated in their entirety.

45. The acts and failures to act of Defendant CITY OF PHILADELPHIA, by and through its supervisory agents, workmen, agents and employees, including Defendants FRANK VANORE AND BENJAMIN NAISH, constituted an unlawful employment practice in that they discriminated against the Plaintiff because he opposed and complained about practices made unlawful under 42 U.S.C. § 2000e-1 et seq.

46. Defendant CITY OF PHILADELPHIA is strictly liable for the acts and failures to act of its supervisory personnel, including Defendants FRANK VANORE AND BENJAMIN NAISH.

47. The acts and failures to act of Defendant CITY OF PHILADELPHIA constituted an unlawful employment practice proscribed by 42 U.S.C. § 2000e-3.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant CITY OF PHILADELPHIA in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), and for attorneys' fees as allowed by 42 U.S.C. § 1988.

### COUNT IV: PLAINTIFF V. DEFENDANT CITY OF PHILADELPHIA, FRANK VANORE and BENJAMIN NAISH
### Violation of 42 U.S.C. § 1981

48. The allegations contained in all preceding paragraphs are incorporated her as if set forth fully and here reiterated in their entirety.

49. 42 U.S.C. § 1981 gives all persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

50. The acts and failures to act of Defendants VANORE and NAISH, individually and jointly, caused the Plaintiff to be deprived of his right to make and enforce his employment contract with Defendant CITY, and of the full and equal benefit of all laws as is enjoyed by white citizens as guaranteed him under 42 U.S.C. § 1981.

51. The acts and failures to act of Defendants VANORE and NAISH were proscribed

by 42 U.S.C. § 1981.

52. The acts and failures to act of Defendants VANORE and NAISH were the direct acts and failures to act of Defendant City, for which it is directly liable.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants, individually and jointly, in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), and for all attorneys' fees as allowed by 42 U.S C. § 1988.

### STATE LAW CLAIMS

### COUNT VI:  PLAINTIFF V. DEFENDANT CITY OF PHILADELPHIA, Violation of 43 Pa. C.S. 955(a)

53. The allegations contained in all preceding paragraphs are incorporated here as if set forth fully and here reiterated in their entirety.

54. 43 Pa. C.S. § 955(a) proscribes any employer, because of the...(race)...of any individual....(from discriminating) against such individual....with respect to compensation,...terms, conditions or privileges of employment...., if the individual or independent contractor is the best able and most competent to perform the services required.

55. The Plaintiff is and was the best able and most competent to perform duties as a Police Inspector.

56. Defendant Personnel Department, by and through its Senior Supervisory employee, agent, workman and representative, Defendant Orfanelli, engaged in a course of conduct as described here that impermissibly discriminated against the Plaintiff in the terms and conditions of his employment on the basis of his race. As such, their conduct, which was the conduct of Defendant Personnel

Department, was proscribed by 43 Pa. C.S. § 955 and constituted an unlawful discriminatory practice in violation of 43 Pa. C S. § 955(a).

57. As a result of the conduct of the defendants, the Plaintiff has suffered a loss of employment and income, loss of professional stature, mental anguish, embarrassment, humiliation and loss of self-esteem.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants, individually and/or jointly, in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00).

### COUNT VII: PLAINTIFF V. DEFENDANT CITY OF PHILADELPHIA, FRANK VANORE AND BENJAMIN NAISH, Individually and/or jointly Violation of 43 Pa. C.S. § 955(d)

58. The averments set forth in all preceding paragraphs are here incorporated here as if fully set forth here.

59. 43 Pa. C.S. § 955(d) proscribes any person or employer from discriminating in any manner against any individual because such individual has opposed any practice forbidden by this act, or because such individual has made a charge, testified or assisted, in any manner, in any investigation, proceeding or hearing under this act.

60. The Defendants, individually and jointly, intentionally and willfully discriminated and retaliated against the Plaintiff because she opposed discriminatory practices forbidden by 43 Pa. C.S. § 955 all in violation of 43 Pa. C.S. § 955(d).

61. As a result of the conduct of the Defendants, the Plaintiff has suffered a loss of employment and income, loss of professional stature, mental anguish, embarrassment, humiliation and loss of self-esteem.

**WHEREFORE**, the Plaintiff prays for Judgment against all the Defendants, individually and/or jointly, for damages in excess of One Hundred Fifty Thousand Dollars ($150,000.00), and for reasonable attorneys' fees as allowed by law.

                Respectfully submitted,

                /S/ *Isaac H. Green*

                _____
Isaac H. Green, Esquire
PA Atty. ID #36059
Attorney for Plaintiff Washington
2879 Limekiln Pike, Suite 2
Glenside, Pennsylvania 19038
267-625-9189

# EXHIBIT A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Philadelphia District Office
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 03/29/2024

To: Anthony L. Washington
102 Sunrise Drive
North Wales, PA 19454

Charge No: 530-2022-03331

EEOC Representative:
Legal Unit  (267) 589-9707

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By: Karen McDonough
03/29/2024
Karen McDonough
Deputy District Director